UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAY 04 2010
Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| **Derian Douglas Hickman,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 10 0687 |
| **Department of Defense et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Derian Douglas Hickman has filed an application to proceed without prepayment of fees and a pro se complaint. The application will be granted and the complaint will be dismissed for lack of standing.

Hickman has sued the Department of Defense, Boeing, Lockheed Martin, Bell Helicopter, Raytheon, Northrop Grumman, Six Flags Theme Park, Luxor Las Vegas Casino, and Sky Angel Satellite TV. However, the complaint does not appear to state any injury or any cause of action. In its entirety the one-page complaint states as follows:

> Requesting verifying information involving prepayment of fees and poverty.
> Requesting previous civil filing patent and royalty payments and/or filings.
> Employer identification numbers and employee identification number and tax filings verifying my previous business filings. Freedom liberty and independence party donations. From any above company involving the election of Darian Douglas Hickman for President of the United States or Governor of Virginia[,] Texas or Wyoming. Requesting a trial by jury documents and amount due. Please include my exact words in your opinion. Please.

Complaint.

A federal court is limited by the Constitution to considering matters that present a case or controversy. U.S. Const. art. III, § 2. Standing is one of the justiciability doctrines that has

developed to give meaning to Article III's case or controversy requirement. *Nat'l Treas. Employees Union v. United States,* 101 F.3d 1423, 1427 (D.C. Cir. 1996). A question of Article III standing is a question of subject matter jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) ("Subject matter jurisdiction, then, is an Art. III as well as a statutory requirement[.]") Article III standing requires, among other things, that a plaintiff have suffered an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). In this case, the complaint does not identify any injury. Accordingly, this complaint will be dismissed for lack of subject matter jurisdiction.

A separate order accompanies this memorandum opinion.

Date: April 26, 2010

Reggie B. Walton
United States District Judge